SARGENT v A M ECKHOUSE, DO, PC

Docket No. 100428. Submitted March 15, 1988, at Lansing. Decided June 10, 1988.

Lewis Sargent brought a malpractice action against A. M. Eckhouse, D.O., P.C. in Saginaw Circuit Court, alleging that plaintiff sustained permanent femoral neuropathy as a result of a negligently performed hip replacement. The trial court entered a pretrial order requiring that plaintiff furnish to defense counsel the names of any expert witness within twenty-one days of the order. Fourteen months later, defendant moved for summary disposition on the basis of plaintiff's failure to supply the name of an expert witness. That motion was heard on the day prior to the day scheduled for the commencement of the trial. When plaintiff still did not furnish the name of an expert witness, the trial court, Fred J. Borchard, J., granted defendant's motion. Plaintiff moved for reconsideration, presenting for the first time the name of an expert witness. The motion for reconsideration was denied. Plaintiff appealed.

The Court of Appeals *held:*

1. Since plaintiff's claim required the support of expert testimony relative to the standard of care and since plaintiff failed to timely name an expert witness, the trial court properly granted summary disposition in favor of defendant.

2. The trial court did not abuse its discretion in denying plaintiff's motion for reconsideration.

Affirmed.

1. PHYSICIANS AND SURGEONS — MALPRACTICE — STANDARD OF CARE
— WITNESSES — SUMMARY DISPOSITION.

Summary disposition in favor of the defendant in a medical malpractice action is properly granted where the plaintiff fails to name an expert witness in a timely manner and the nature

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 68 *et seq.,* 385-389.

Am Jur 2d, Motions, Rules and Orders § 27.

Am Jur 2d, Physicians, Surgeons and Other Healers §§ 345 *et seq.*

Identity of witnesses whom adverse party plans to call to testify at civil trial, as subject of pretrial discovery. 19 ALR3d 1114.

of the plaintiff's claim is such that expert testimony as to the established standard of care would be required to recover at trial.

2. Motions and Orders — Rehearing.

A motion for rehearing or reconsideration which merely presents the same issues ruled on by the court should not, generally, be granted (MCR 2.119[F][3]).

*Theodore S. Andris,* for plaintiff.

*Fordney, Cady, Rusch & Prine, P.C.* (by *Andrew W. Prine*), for defendant.

Before: Gribbs, P.J., and Beasley and G. A. Drain,* JJ.

Per Curiam. Plaintiff appeals as of right from a Saginaw Circuit Court order granting defendant's motion for summary disposition. We affirm.

This medical malpractice action was filed on March 12, 1985. On December 11, 1985, the trial court entered a pretrial order requiring, inter alia, that discovery be completed within 120 days from the date of entry of the order, that the parties exchange the names and addresses of all known witnesses within twenty-one days of entry of the order and that plaintiff furnish the names and addresses of any expert witnesses to opposing counsel within twenty-one days of entry of the order.

On February 5, 1986, defendant filed a motion for an order compelling discovery. On May 28, 1986, defendant filed a motion for production of documents and imposition of sanctions.

On June 5, 1986, the parties stipulated to a six-month extension of discovery and the adjournment

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

of mediation. Discovery was extended until December 11, 1986.

On or about February 10, 1987, defendant filed a motion for summary disposition because plaintiff had not yet submitted the name of an expert witness. Plaintiff was still not ready to name an expert witness when defendant's motion was heard on March 9, 1987, the day before trial was scheduled to commence. The trial court granted defendant's motion and dismissed plaintiff's case with prejudice, with court costs and attorney fees to be provided.

The trial court heard plaintiff's motion for reconsideration on March 19, 1987. Plaintiff argued that the reason for his delay in naming an expert witness was that he had been unable to take defendant's deposition until January 9, 1987, and that his expert was not willing to be named until he reviewed defendant's deposition. Plaintiff said that Dr. Yason formally expressed his willingness to be named as an expert witness shortly after the trial court granted defendant's motion for summary disposition. The trial court denied plaintiff's motion for reconsideration.

Our review of the entire record leads us to conclude that the trial court properly granted defendant's motion for summary disposition due to plaintiff's failure to comply with the pretrial order by naming an expert witness. Plaintiff alleged in his complaint that he began to experience pain near his left knee shortly after defendant performed a total hip replacement. Plaintiff ultimately sustained permanent femoral neuropathy, which he avers was a direct and proximate result of defendant's alleged negligence. In this case, plaintiff's claim could not possibly have been supported at trial without testimony as to the established standard of care. See *Jones v Porretta,* 428

Mich 132, 152-153; 405 NW2d 863 (1987); *Sullivan v Russell,* 417 Mich 398, 407; 338 NW2d 181 (1983); *Lince v Monson,* 363 Mich 135, 140-141; 108 NW2d 845 (1961).

Nor did the trial court abuse its discretion by denying plaintiff's motion for reconsideration. Plaintiff did not demonstrate a palpable error by which the court and the parties were misled. A motion for rehearing or reconsideration which merely presents the same issues ruled on by the court will not be granted. MCR 2.119(F)(3).

We decline to assess costs or damages against plaintiff as defendant requests. Although defendant correctly argues that plaintiff's brief was nonconforming and that plaintiff failed to timely file the required transcript, we do not believe that plaintiff's appeal rises to the egregious conduct prohibited by MCR 7.216(C).

Affirmed.